# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PHILLIPS ELECTRIC COMPANY OF DURHAM, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:08CV197 |
| HIRANI ENGINEERING AND LAND SURVEYING, P.C., and WESTCHESTER FIRE INSURANCE CO., | ) ) ) ) ) | |
| Defendants. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendants' Motion to Dismiss or in the Alternative to Transfer Venue and on Plaintiff's Motion for Remand to Durham County Superior Court. (Docket Nos. 10, 16.) This action was removed from Durham County Superior Court on March 24, 2008. (Docket No. 1.) These motions have been fully briefed, and the Court heard argument on August 25, 2008. (Docket Nos. 11, 12, 17, 23-29; minute entry on 8/25/08.) For the reasons stated herein, the Court recommends that Plaintiff's Motion for Remand be granted and that this action be remanded to Durham County Superior Court. Because this action is properly remanded to state court, the Court should not address the pending motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a dispute between Plaintiff subcontractor Phillips Electric Company of Durham, Inc. ("Defendant Phillips Electric") and Defendant Hirani Engineering and Land Surveying, P.C. ("Defendant Hirani") and Defendant Hirani's surety, Defendant Westchester Fire Insurance Company ("Defendant Westchester"), for payments allegedly due and owing for work performed at a National Priority List Superfund Site referred to as Standard Chlorine of Delaware, Inc. (Superfund Site) located in Delaware City, Delaware. (Docket No. 12, Aff. of Jitendra Hirani, at 7; Docket No. 4, Complaint ("Compl.") at 1-4.) Plaintiff Phillips Electric alleges in its Complaint that it is a North Carolina corporation with its principle place of business in Durham County, North Carolina. (Compl. at 1). Plaintiff also alleges that Defendant Hirani is a New York corporation and that Defendant Westchester is a New York insurance company licensed in North Carolina. (*Id*.)

Plaintiff's First Claim for Relief is against Defendant Hirani for breach of contract. (*Id*. at 2.) Plaintiff alleges that it entered into a contract to provide environmental remediation equipment and services at the Superfund Site and properly performed all work required of it under the contract and change orders. (*Id*.) Plaintiff further alleges that Defendant Hirani failed to pay it for all work performed and owes Plaintiff $159,771.18 for such work, thereby breaching the contract. (*Id*.) Plaintiff's Second Claim for Relief is against Defendant Westchester based on joint and several liability with Defendant Hirani on a payment bond under which Defendant Westchester allegedly bound itself to be liable for

payments to all persons supplying labor, equipment, and material to the Superfund Site project. (*Id.* at 3.)

**DISCUSSION**

**A.  Plaintiff's Motion for Remand**

Plaintiff moves to remand this action to Durham County Superior Court pursuant to 28 U.S.C. § 1447. (Docket No. 17, Pl.'s Mem. of Law in Supp. of Motion for Remand, at 1.) Plaintiff argues that Defendant Westchester has neither joined in nor otherwise expressed consent to the notice of removal filed by Defendant Hirani. (*Id.* at 3-5.) Plaintiff also argues that the contract at issue contains a forum selection clause mandating both personal jurisdiction and venue in Durham County, North Carolina state court. (*Id.* at 6-8.) The Court finds that only the forum selection argument requires discussion.

    **1.  The proposal**

The forum selection clause relied upon by Plaintiff is contained within Plaintiff's Proposal to Defendant Hirani for Plaintiff's work performed at the Superfund Site. The Proposal is a 7-page document dated September 15, 2006 which generally sets out the equipment to be used and work to be performed by Plaintiff at the Superfund Site along with a total price. (Compl., Ex. A.) The first page reflects that the Proposal is being made by "Product Recovery Management" with an address in Webster, N.Y., and the client is the "Hirani Group." (*Id.*, Ex. A at 1.) The site, "Standard Chlorine of Delaware," is listed in addition to the "PRM Quotation # NY06-1425 Rev3." (*Id.*) The Proposal is signed as being

-3-

"Reviewed and Accepted" on page 6 although the signer's identity is not clear. (*Id*. at 6.) Page 6 also contains the notation that the agreement may be faxed to a certain phone number to initiate the order, but an "original signed copy **must be mailed** to our North Carolina Corporate office" at an address for PRM in Durham, N.C. (*Id*. (emphasis as in original).)

The forum selection clause in the Proposal is located in the middle of the first page, set out in slightly smaller font than the other font used on the page, and reads, "This agreement shall be governed by and construed in accordance with the laws of the State of North Carolina and venue shall be proper and personal jurisdiction had in Durham County, North Carolina." (*Id*. at 1.) Plaintiff argues that this forum selection clause is mandatory and that it cannot be read to intend federal court jurisdiction because it is not possible to initiate a federal court case in Durham County. (Docket No. 17 at 7.)

### 2. The subcontract

Defendants rely upon a separate document, the subcontract, in opposing Plaintiff's Motion for Remand. (Docket No. 24, Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Remand, at 14-18.) Defendants argue that the contracting parties in that subcontract agreed that "[t]his Agreement shall be governed by the State of New York" which Defendants argue is both a forum selection clause and choice of law designation. (*Id*. at 14.) In addition to this statement, the subcontract provides that the terms and conditions of the subcontract "shall govern over any inconsistent terms in the Bid or Proposal." (Docket No. 2, Notice of Removal, Ex. 3 at 17.)

-4-

The subcontract is a 20-page document "made as of October 3, 2006" between Defendant Hirani and "Product Recovery Management of New York." (*Id*., Ex. 3 at 1.) Page 18 of the subcontract contains the signature of Defendant Hirani's president (signed 12/6/06) and of Robert M. Phillips, Jr., the vice-president of "Product Recovery Management of New York" (signed 10/18/06). (*Id*. at 18.) Page 19 of the subcontract is captioned "Schedule A – Scope of Work/Supplemental Provisions." (*Id*. at 19.) This provision lists three items that are "incorporated by reference." (*Id*.) The second item is "Product Recovery Management quotation, NY06-1425 Rev3, 9/15/2006, as amended." (*Id*.) The third item is "Security Agreement, Product Recovery Management." (*Id*.) Page 20 of the subcontract is a Limited Equipment Warranty by Product Recovery Management which is on Product Recovery Management letterhead showing that it is a "division of Phillips Electric Co. of Durham, Inc." (*Id*. at 20.) "PRM Corporate" is also listed on this letterhead showing an address of Durham, N.C. (*Id*.) Plaintiff shows that on October 10, 2006 Defendant Hirani emailed to Product Recovery Management a signed copy of a Security Agreement granting a security interest to Product Recovery Management, "a division of Phillips Electric Company of Durham, Inc.," in the remediation equipment of a project. (Docket No. 26, Pl.'s Mem. of Law in Supp. of Pl.'s Obj. to Defs.' Mot. to Dismiss, Ex. C.) Plaintiff also shows that on December 14, a signed copy of the subcontract was sent by FedEx from Defendant Hirani to "PRM" at its Durham, North Carolina address. (*Id*., Ex. D.)

### 3. The contract and its provisions

The Court finds that both the Proposal and the subcontract form the contract between the parties. The Court rejects Defendants' argument that Plaintiff, Phillips Electric Co. of Durham, is not a party to the Proposal or the subcontract because of the use of the name "Product Recovery Management" or "Product Recovery Management of New York." Plaintiff shows that it complied with New York business law by filing in the county clerk's office and New York State Division of Corporations its application to do business as "Product Recovery Management" in New York. (Docket No. 26, Ex. A.) Further, the documents cited above show that Defendant Hirani knew that it was contracting with a division of Plaintiff and that the corporate headquarters of PRM was in Durham, North Carolina. (Docket No. 2, Ex. 3 at 20; Docket No. 26, Ex. C.)

The Court also rejects Defendants' argument that the subcontract language stating that the subcontract "shall be governed by the State of New York" is both a forum selection clause and choice of law designation. (Docket No. 24 at 14.) Defendants cite no authority for such an interpretation, and the plain language used denotes at most a choice of New York law to govern the contract. This language cannot be construed as a forum selection clause. New York law may of course be applied in a North Carolina court.

In addition, the Court rejects Defendants' argument that only the scope of work from the Proposal was incorporated into the subcontract. (*Id*. at 15.) Article 1 of the subcontract refers to "Schedule A" to define the scope of work. (Docket No. 2, Ex. 3.) Schedule A, in

turn, includes the Proposal in addition to other items. (*Id*.) Schedule A is captioned as including not only the scope of work but also "supplemental provisions." (*Id*.) By the terms of Schedule A, the Proposal is "incorporated by reference" with no limitation. (*Id*.) Therefore, the Court concludes that the entirety of the Proposal is incorporated into the subcontract. Construing the Proposal and subcontract together, there is no inconsistency between the clause in the Proposal in which Defendant Hirani agrees to both personal jurisdiction and venue in Durham County, North Carolina.

Defendants next argue that even if the Proposal's forum selection clause is a part of the parties' contract and not inconsistent with the subcontract, it cannot be enforced because it is unreasonable under the circumstances. (Docket No. 24 at 15.) Plaintiff is moving to remand pursuant to 28 U.S.C. § 1447(c). (Docket No. 17 at 1.) "When the venue or jurisdictional question before the court is covered by a federal statute or rule, the court must determine the controversy according to federal law." *Bassett Seamless Guttering, Inc. v. GutterGuard, LLC*, No. Civ. 1:05CV00184, 2006 WL 156874, slip op. at *4 (M.D.N.C. Jan. 20, 2006) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988)). Thus, the validity of the forum selection clause must be determined according to federal law, and the burden is on the party seeking to avoid enforcement to make a "'strong showing'" that the clause should be set aside. *See id.* (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

To avoid enforcement of the forum selection clause, Defendants must show one of the following four factors: (1) the formation was induced by fraud or overreaching; (2) the complaining party will be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the complaining party of a remedy; or (4) the enforcement would contravene a strong public policy of the forum state. *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996); *Bassett*, 2006 WL 156874, at *4.

Defendants argue that the North Carolina clause is inconspicuous, unreasonable, oppressive, and unenforceable. (Docket No. 24 at 16.) The Court rejects Defendants' argument that the clause is inconspicuous. The font of the clause, although smaller, is clearly legible. (Docket No. 2, Ex. 1 at 6.) It is located conspicuously in the middle of the first page of the Proposal. (*Id.*) Moreover, Defendants do not argue that they lacked notice of this clause.

Defendants next argue that the convenience of the parties and witnesses favor a forum in New York or Delaware. (Docket No. 24 at 16.) Although a trial in North Carolina may be inconvenient for some parties or witnesses, Defendants have not shown that it will be "so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." *Bremen*, 407 U.S. at 18. Failing this, the parties' agreement as to venue should prevail over the type of inconvenience arguments made by Defendants. *See Baker v. Adidas America, Inc.*, No. 08-1385, 2009 WL 1863691, slip op. at *4 (4th Cir. June 30,

-8-

2009) (enforcing clause setting forum in Amsterdam). Moreover, the record evidence in this action shows that persons at Plaintiff's corporate headquarters in Durham were involved in the formation of the contract and that this was known to Defendants. (Docket No. 26, Ex. D.)

Defendants have not shown that any of the four factors necessary to avoid enforcement of the forum selection clause are present in this action. It is not unreasonable to hold Defendants to their agreement to litigate in Durham.

Finally, the Court finds that the intent of the parties as to the forum may only be effectuated by a remand to state court. The parties agreed to venue in "Durham County, North Carolina." (Docket No. 2, Ex. 1 at 6.) The Court takes judicial notice that Durham, North Carolina, falls within the Middle District of North Carolina. Parties must file actions in the Middle District in Greensboro, North Carolina. M.D.N.C. LR77.1(a) (requiring documents to be filed in Greensboro). There is therefore no way to initiate an action in federal court in Durham, North Carolina. In addition, there is no way for a party to ensure that a trial in an action in the Middle District will occur in Durham.

This same issue arose in *Bassett Seamless Guttering, Inc.* where the forum selection clause designated that the action "be brought and held in Boulder, Colorado." 2006 WL 156874, at *1. The court took judicial notice that there is no United States District Court for Boulder, Colorado, and that the entire state of Colorado is encompassed by one district court served by the clerk's office headquartered in Denver, Colorado. *Id*. at *3. Although the

-9-

Case 1:08-cv-00197-JAB-PTS   Document 36   Filed 11/10/09   Page 9 of 10

federal court has a Boulder Division, lawsuits had to be commenced in Denver. Thereafter, the parties cannot control whether the case is assigned to the Boulder Division. *Id*. There was, however, a state court located in Boulder, and a litigant could expect that a suit brought there would remain there. *Id*. The court found that the ordinary meaning of the parties' agreement fixed the forum in the state court located in Boulder. *Id*.

Similarly, the parties' designation of venue in Durham, North Carolina, fixes the forum in state court. The Durham County Superior Court is located in Durham, North Carolina. Actions may be commenced there, as this action was, and the parties may expect that the action will remain there. *See id*. This action should therefore be remanded to the Durham County Superior Court.

**B.     Defendants' Motion to Dismiss or to Transfer Venue**

In view of this Court's recommendation to remand this action to state court, Defendants' Motion to Dismiss or in the Alternative to Transfer Venue need not be addressed.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Motion for Remand (Docket No. 16) be granted and that this action be remanded to the Durham County Superior Court.

/s/ P. Trevor Sharp<br>
United States Magistrate Judge

Date: November 10, 2009